**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CAPITOL CITY UNIFORMS,

       Plaintiff,

vs.                                            No. CIV 04-793 JEC/DJS

FECHHEIMER BROTHERS COMPANY,
a Delaware Corporation, and NEVES UNIFORMS,
a/k/a/ SIMON'S INCORPORATED, and a/k/a
SIMON'S NEVES, a Colorado Corporation,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand, filed August 8, 2004 (*Doc.6*). Having reviewed the motion, memoranda, responses thereto, and all relevant authority, the Court finds the motion not well-taken and it is, therefore, DENIED.

1.     **Background**

Capitol City served its complaint for interference with contractual relations, violation of restraint of trade and violation of New Mexico's Price Discrimination Act on Fechheimer on April 6, 2004, Simon's Incorporated ("Simon's") on March 29, 2004 and Neves on June 14, 2004. Neves removed this case on July 13, 2004, based on complete diversity of citizenship and satisfaction of the requisite amount in controversy, under 28 U.S.C. § 1441[1] and 1332 [2], respectively.

---

[1]     Actions removable generally.

[2]     Diversity of Citizenship; amount in controversy; costs.

Capitol City moves the Court to remand on two grounds. First, Plaintiff asserts that the case was wrongfully removed because the time period for removal had expired. Plaintiff postulates that Neves may have received the complaint more than 30 days before the removal, thereby triggering the 30-day removal period earlier than June 14, and prohibiting Neves' removal on July 13, 2004. Second, Plaintiff asserts that removal was improper for lack of complete diversity. Plaintiff contends that Neves is a Colorado corporation whose "principal place of business" "must be" in New Mexico. This assertion is based on Plaintiff's interpretation of  New Mexico's Procurement Statute  ("the Procurement Statute")  (NMSA 1978 § 13-1-21). Defendant responds with affidavit testimony of Michael J. Driggers, that Neves is a Colorado corporation registered to do business in the State of New Mexico and that its principal place of business is Colorado. For the reasons stated below, both of Plaintiff's arguments must fail.

## II.     Discussion

A.     Timeliness of Removal

Plaintiff's contention that removal was untimely fails, for Defendants' time to remove was triggered by date of formal service, not by receipt of the complaint. The governing provision is 28 U.S.C. § 1446(b) ("the Statute"), which sets out the procedure of removal, and specifies that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based, *or* within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id*.(emphasis added).   This section of the Statute has been interpreted to mean that "if the complaint is filed in court prior to any service, the removal runs from the service

of the summons." *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

Therefore it is immaterial if Neves did receive a copy of the complaint earlier than June, 14, 2004.

The Court declines to remand for untimeliness.

B.      Diversity Jurisdiction

Plaintiff's argument that complete diversity is lacking fails as a matter of law. Plaintiff

contends that Neves admits to being a "resident business" in New Mexico, and therefore,  "must"

have its "principal place of business" in the state thereby becoming a citizen of the state for the

purpose of diversity. Plaintiff correctly asserts that a corporation is a citizen of the state where it

maintains its principal place of business. *Gadlin v. Sybron Int'l Corp.,* 222 F.3d 797 (10th Cir. 2000).

 However, Plaintiff misinterprets  the New Mexico Procurement Statute as requiring that Neves

maintain its "principal place of business in New Mexico."  The relevant section of the  Procurement

Statute reads as follows:

> A. (2)  "New Mexico resident business"  means a business that is authorized
> to do and is doing business under the laws of this state
> > ***and:***
> (a) that maintains its principal place of business in the state;
>
> (b) has staffed an office and has paid applicable state taxes
> for two or more years prior to the awarding of the bid
> and has five or more employees who are residents of the state;
> > ***or***
> (c) is an affiliate of a business that meets the requirements of
> Subparagraph a) *or* b) of this Paragraph.

NMSA 1978 § 13-1-21 (emphasis added).

It is clear on the face of the Procurement Statute that a "New Mexico resident business" must

be "authorized to do" *and* "do business" under the laws of this state *and* must satisfy *one* of the *three*

following: (a) maintain its principal place of business in the state; (b) staff an office and have paid

applicable state taxes for two or more years prior to the awarding of the bid and have five or more employees who are residents of the state; or (c) be an affiliate of a business that meets the requirements of (a) *or* (b) of this Paragraph.  Subparagraphs (a), (b) and (c) under A.(2) are in the disjunctive. Defendant is not required to maintain its principal place of business in New Mexico since it satisfied Part A.(2) and A.(2) (b).

The only factual evidence before the Court, on the issue of citizenship of Neves and its principal place of business, is that Neves is a Colorado corporation which maintains its "principal place of business" in Denver, Colorado. *Driggers Aff.* at P.2.  Therefore, this Court declines to remand for incomplete diversity.

## IV.    Conclusion

In summary, Plaintiff failed to raise any evidence requiring remand on either timeliness of removal or incomplete diversity. Therefore, the Motion to Remand is denied.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Remand, filed August 8, 2004,  *(Doc. 6)*,  is DENIED.

DATED September 30, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
      Robert D. Castille, Esq.
      P.O. Box 1339
      Los Alamos, N.M. 87544
      (505) 663-0663

Counsel for Defendants:
      Larry D. Maldegen, Esq.
      P.O. Box 669
      Santa Fe, New Mexico 87504-0669
      (505) 988-2987